Judge Underwood
delivered the opinion of the Court.
1st October, 1814, Thomas Lewis contracted with John Fowler of Lexington, for 1000 acres of land, and received Fowler’s bond, execnted by his attorney in fact, for the conveyance of the title, with general warranty, upon the payment of the purchase money. In January, 1815, Thomas Lewis executed to Robert Bagby, the following instrument: “I, Thomas Lewis, of the county of Mason and state of Kentucky, my heirs, &c. am to let Robert Bagby, sr. have 250 acres of land, purchased by me of John Fowler, by his agent, William Rout, lying in Campbell county, and said Bagby is to have his choice of two corners, at two dollars per acre, and take his recourse on John Fowler, if the land should be lost. Given under my hand • and seal, this 7th January, 1815. THOS. LEWIS, (Seal.)”
Robert Bagby took possession of the 250 acres, made some improvements thereon, and died, devising the said land, by his last will, to James Bagby, the defendant in error. James Bagby filed his bill in chancery against Fowler and the administratrix and heirs of Lewis, charging that Fowler was insolvent; that he had no title to the land sold Lewis, and that Lewis’s heirs were unable to make him a title, wherefore, he prays for a recision of the contract, and compensation for the improvements made on the land. Fowler never answered the bill, although served with process. The administratrix and heirs answer, and insist that the complainant is bound to look Jo Fowler for a title, and for compensation, in case the land should be recovered from the complainant, by a paramount claim. The court rendered a decree rescinding the contract between Thomas Lewis and Robert Bagby, and decreeing, in favor of the complainant, against the. administratrix and heirs of Lewis, to be paid out of the assets and estate descended, $500, with interest thereon from the 17th October, 1822, (the date of the commencement of the suit by the *34 complainant,) being the consideration paid by R. Bagby to Thomas Lewis, for the land, and $430, being the value of the improvements made on the land. The court further decreed that the complainant should retain a lien on the 250 acres of land, until the aforesaid sums were paid, and directed the complainant to surrender the possession of the land and the improvements thereon, upon the payment of the money as aforesaid. The court also rendered a decree in favor of the complainant, against the heirs of Lewis, for cost's, to be levied on the estate descended. To reverse this decree, the administratrix and heirs of Lewis have prosecuted their writ of error with supersedeas.
The decree cannot be sustained. It satisfactorily appears, that Lewis practised no fraud on Robert Bagby, in the contract made with him. It also appears that Bagby, the testator and Bagby the complainant, have not been molested in their possession. The weight of the evidence, favors the belief that R. Bagby was a partner in the original purchase made by Lewis from Fowler, although the bond for a title, was executed to Lewis alone. The inference is irresistable, that R. Bagby knew the source whence the title was to be obtained, to-wit: from Fowler, and that Lewis liad no title at the time he executed the instrument of the 7th January, 1815. The conclusion is equally forcible, from all the facts and exhibits in the cause, that he knew (he terms likewise, upon which.Fowler was bound to make a tille. R. Bagby paid Lewis no more per acre than Lewis was to pay Fowler if as much, for, according to the testimony of one witness, there was to be a deduction made by Lewis, for prompt payment on the part of Bagby, and Bagby got the choice of land,' by paying promptly, Fowler getting $2 per acre for ail the land, and R. Bagby paying no more than $2 per acre for the 250'acreshe was to have, the latter would be amply indemnified for his purchase money, in case the land was lost, by recourse upon Fowler, whose responsibility would equal the price paid by Bagby. If Fowler, through insolvency, should be unable to pay, in case the land should be lo'st, in that event, the loss ought not to fall on Lewis, because he has expressly. *35 in his written contract, stipulated that Bagby is to “Za/ce his recourse on Fowler,” which clearly means that Lewis is not to be responsible.
If Fowler or his agent has imposed on Lewis, by selling him land, to which Fowler had no title, and. Lewis has accepted Powder’s bond for a title, with which he will not be able to comply, and Lewds had, without fraud, assigned Fowler’s bond to Bagby, stipulating that Bagby should have no recourse on him, Lewis, it is clear that Bagby must have looked to Fowler alone, if, instead of assigning the whole bond, Lewis had assigned part of it, without recourse, the effect would be the same. We regard the transaction between Bagby and Lewis, as transfering to Bagby, without recourse, a partial interest in Lewis’s purchase from#F®wler. Bagby having paid Lewis, he is bound to pay Fowler, and if Lewis fails to make the payment to Fowler, to Bagby’s injury, for this cause Bagby might be entitled to redress against Lewis, but the bill sets out no such cause of complaint, and, therefore, we need not speak further of the remedy which, in that case, Bagby might be entitled to.
If Fowler be insolvent, and on that account it is imprudent to make him further payments as he has no title, if it were shown how much had been paid him, and how much remained unpaid, it might have been proper to rescind the contracts between all the parties, and settle how much Fowler should be liable for to the complainant, and how much to Lewis’s representatives, and to decree the same against Fowler. If in making this settlement, it appeared that Lewis had received from Bagby ‡2 per acre for all the land Bagby was to get, and had only paid Fowler ‡1 per acre, for the same land, then it would have been proper to decree in favor of Bagby, against Lewis, so much as he might have failed to pay Fowler, of the price of Bagby’s land, and against Fowler for all that hq had received' upon Bagby’s part of the land, but the case has not been prepared with a view to such a result, and the data upon which it might be equitably done, is not before the court.
Vendor of otaVfraud, and also ’ shewing that responsible for any defect ^ ro*or tod"e-cree against him, value of ra-uuTb^von (tee. ° * '
^tnst'vendor ofland^that be refund purchase mo-¿eres/thereoñ, and pay for ’ improvemente vendee retó»* possession, till paiT/w^koui paying rent, ie erroneous,
Reid, for plaintiffs; Denni/, for defendant»
Lewis having committed no fraud, and having shown that he did npt intend to be personally liable, the contract with Bagby,it was improper to decree against his representatives, the value of the improvements made on the land, by R. Bagby and the com-, plainant. Fowler should pay foF them and not/Lewis, Rut if it had been proper to decree against Lewis’s for the improvements and purchase money, we could not have approved that part of the decree which gives to the complainant the enjoyment 0i^ under the idea of a lien upon it, without rent, while interest continues to run on the amount of the purchase money. Nor is there any period ^lxe<^ by the decree, for the termination of this state of things. It would have been more proper to have directed a sale of the land, to-wiU a sale of all the ^n^eres^ 'f any, which Fowler and Lewis might have bad, for the purpose of discharging the sums decreed, Upon a view of the whole case, we are of opinion that the complainant has failed to make out grounds f°r *be ^ecree rendered in his behalf. We are also of opinion th§t the cross bill filed by Lewis’s representatives, was an useless act. The principles of bhe case of Carrico vs. Froman, II. Littell, 180, have bad their influence in deciding this cause.
The decree of the circuit court is reversed, and the cause remanded, with directions to dismiss the complainant’s bill and the cross bill of the representatives of Lewis respectively, without prejudice.
The complainant must pay the costs of his original hill, and the representatives of Lewis must pay the costs of their cross bill.
The plaintiffs in error must recover their costs ip this court.